IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE STOCKBRIDGE-MUNSEE COMMUNITY,

               Plaintiff,

v.                                                         OPINION & ORDER

STATE OF WISCONSIN, SCOTT WALKER, and          17-cv-249-jdp
THE HO-CHUNK NATION,

               Defendants.

---

The Stockbridge-Munsee Community is an Indian tribe with a reservation in Shawano County in northern Wisconsin. Since 1992, the Stockbridge-Munsee have operated a casino on their reservation. In 2008, defendant the Ho-Chunk Nation, another Indian tribe, opened a casino in Shawano County, Ho-Chunk Gaming Wittenberg. The Stockbridge-Munsee tolerated the Ho-Chunk's competition to a point, but in August 2016, the Ho-Chunk announced plans to expand their Wittenberg casino. In response, the Stockbridge-Munsee filed this lawsuit, claiming that the Ho-Chunk's Wittenberg casino violates the Indian Gaming Regulatory Act and the gaming compact that the Ho-Chunk negotiated with the state. They also allege that defendants the State of Wisconsin and its governor, Scott Walker, are violating the state's compact with the Stockbridge-Munsee by refusing to enforce the Ho-Chunk compact. The central claim by the Stockbridge-Munsee is that the Ho-Chunk's casino is located on land on which casinos cannot be authorized.

Now the Stockbridge-Munsee seek a preliminary injunction under Federal Rule of Civil Procedure 65. Dkt. 7. Specifically, they want the court to enjoin the Ho-Chunk from operating any of the slot machines and gaming tables included in the Ho-Chunk's planned expansion.

The Ho-Chunk, meanwhile, have moved to dismiss the Stockbridge-Munsee's claims against them for failure to state a claim under Federal Rule of Civil Procedure 12(c). Dkt. 56.

The Stockbridge-Munsee could have brought their claims against the Ho-Chunk back in 2008, when the Ho-Chunk began the gaming activities that the Stockbridge-Munsee allege are unlawful. Their claims are now time-barred, so the court will grant the Ho-Chunk's motion for judgment on the pleadings and deny the Stockbridge-Munsee's motion for a preliminary injunction as moot.

ALLEGATIONS OF FACT

The court draws the following facts from the Stockbridge-Munsee's complaint, Dkt. 5, and accepts them as true for purposes of the motion for judgment on the pleadings. *Finch v. Peterson*, 622 F.3d 725, 728 (7th Cir. 2010).

The Ho-Chunk Nation is a federally recognized Indian tribe in Wisconsin. In 1969, the Native American Church conveyed a parcel of land near the Village of Wittenberg, Shawano County, Wisconsin, to the United States to hold in trust for the Ho-Chunk. The deed conveyed the land "subject to Housing construction which must commence within 5 years from date of approval of this deed or the land will revert to the grantor." Dkt. 5-3, at 3. But the Ho-Chunk did not start building housing on the Wittenberg Parcel within five years. Decades passed. In 1989, the Native American Church approved a resolution "remov[ing] the condition and reversionary clause relating to construction of housing on the [Wittenberg Parcel]." Dkt. 5-4, at 2. In 1993, the Native American Church executed a quitclaim deed transferring "all right, title and interest, it may have under the reversionary clause in" the Wittenberg Parcel deed to the United States to hold in trust for the Ho-Chunk. Dkt. 5-5, at 3.

Meanwhile, the Ho-Chunk were setting up gaming activities around the state in compliance with the 1988 Indian Gaming Regulatory Act (IGRA). The IGRA "creates a framework for regulating gaming activity on Indian lands." *Michigan v. Bay Mills Indian Cmty.*, 134 S. Ct. 2024, 2028 (2014). It "divides gaming into three classes. Class III gaming, the most closely regulated . . . includes casino games, slot machines, and horse racing. A tribe may conduct such gaming on Indian lands only pursuant to, and in compliance with, a compact it has negotiated with the surrounding State." *Id.* (citation omitted). It defines "Indian lands" to include "any lands title to which is . . . held in trust by the United States for the benefit of any Indian tribe." 25 U.S.C. § 2703(4)(B). But it prohibits gaming on "lands acquired by the Secretary [of the Interior] in trust for the benefit of an Indian tribe after October 17, 1988." § 2719(a)(1).

In 1992, the Ho-Chunk entered into a class III gaming compact with the State of Wisconsin, which allowed the Ho-Chunk to operate class III gaming activities in several Wisconsin counties. In 2003, the Ho-Chunk and the state amended the compact to allow the Ho-Chunk to operate class III gaming activities in Shawano County at what the compact defines as an "Ancillary Facility," that is, a facility "where fifty percent or more of the lot coverage of the trust property upon which the facility is located, is used for a Primary Business Purpose other than gaming." Dkt. 5, ¶ 40.

In 2008, the Ho-Chunk opened the Ho-Chunk Gaming Wittenberg casino on the Wittenberg Parcel. This casino competed with the Stockbridge-Munsee's sole casino, the North Star Casino Resort, which the Stockbridge-Munsee had been operating in Shawano County since 1992 under a class III gaming compact with the State that the Stockbridge-Munsee negotiated the same year. In August 2016, the Ho-Chunk announced plans to expand their

Wittenberg casino by adding more than 200 slot machines, 10 gaming tables, a hotel, restaurant, and bar. The Stockbridge-Munsee immediately wrote to the Ho-Chunk "expressing concerns" about the expansion. *Id.* ¶ 43.

On April 19, 2017, the Stockbridge-Munsee filed this lawsuit, asserting claims that the Ho-Chunk's gaming activities at Ho-Chunk Gaming Wittenberg violate the Ho-Chunk compact and the IGRA and that the state's refusal to enforce the Ho-Chunk compact violates the Stockbridge-Munsee compact, rendering the gaming revenue payments required by the Stockbridge-Munsee compact an unlawful tax. The Stockbridge-Munsee purport to bring these claims under § 2710(d)(7)(A)(ii) of the IGRA, which "partially abrogates tribal sovereign immunity," *Bay Mills*, 134 S. Ct. at 2032, and provides

> The United States district court shall have jurisdiction over . . . any cause of action initiated by a State or Indian tribe to enjoin a class III gaming activity located on Indian lands and conducted in violation of any Tribal-State compact entered into under paragraph (3) that is in effect . . . .

The Stockbridge-Munsee allege that Ho-Chunk Gaming Wittenberg violates the Ho-Chunk compact in two ways. First, the Wittenberg Parcel was acquired in trust after October 17, 1988, and therefore is ineligible for gaming under § 2719(a)(1) of the IGRA and the corresponding provision of the Ho-Chunk compact. Second, the pre-expansion gaming activities at Ho-Chunk Gaming Wittenberg constitute more than 50 percent of the net revenue from the Wittenberg Parcel and more than 50 percent of the facilities on the Wittenberg Parcel, therefore Ho-Chunk Gaming Wittenberg is not an ancillary facility and is being operated in violation of the Ho-Chunk compact. These violations pre-date the planned expansion and would continue as Ho-Chunk Gaming Wittenberg operates the casino.

This court has subject matter jurisdiction over the Stockbridge-Munsee's claims against the Ho-Chunk under 28 U.S.C. § 1362 and 25 U.S.C. § 2710(d)(7)(A)(ii).

ANALYSIS

The Ho-Chunk assert numerous defenses to the Stockbridge-Munsee's claims. Most are based on principles of sovereign immunity. Because the timeliness issue proves dispositive here, the court need not reach the Ho-Chunk's sovereign-immunity arguments. *See Meyers v. Oneida Tribe of Indians*, 836 F.3d 818, 821 (7th Cir. 2016) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007))). The court will grant judgment on the pleadings "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no materials issues of fact to be resolved." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). The court reviews motions for judgment on the pleadings under the same standard as motions to dismiss for failure to state a claim upon which relief can be granted, except that it considers all the pleadings. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

The Stockbridge-Munsee request oral argument on the Ho-Chunk's motion. But Rule 12(c) considers the legal sufficiency of the Stockbridge-Munsee's claims as pleaded. The Stockbridge-Munsee have not explained why oral argument is necessary; they state only that "oral argument is appropriate and will facilitate [the c]ourt's deliberation." Dkt. 58, at 11. The court is satisfied that it can fully and fairly resolve the motion on the parties' written

submissions, including the parties' supplemental briefs on limitations issues, which the court requested. Dkt. 46.

The Ho-Chunk contend that the Stockbridge-Munsee's claims are barred because they were filed outside of the applicable statute of limitations period.[1] The Stockbridge-Munsee's claims against the Ho-Chunk arise under the IGRA, which does not expressly state a limitations period. The Stockbridge-Munsee argue that as a result, no statute of limitations is applicable to their claims. That is not an accurate statement of the law. "Congress, unless it has spoken to the contrary, did not intend by the mere creation of a 'cause of action' or 'claim for relief' that any plaintiff filing a complaint would automatically prevail if only the necessary elements of the federal substantive claim for relief could be established." *Bd. of Regents v. Tomanio*, 446 U.S. 478, 487 (1980)). Congress has not indicated that no statute of limitations applies to the IGRA, so there is some time limit to the Stockbridge-Munsee's claims.

As the Stockbridge-Munsee concede, when a federal law does not contain an express statute of limitations, federal courts must "'borrow' the most suitable statute or other rule of timeliness from some other source. [The Supreme Court has] generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under state law." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983). The Stockbridge-Munsee again argue that under state law, *no* statute of limitations should apply, pointing to

---

[1] The Stockbridge-Munsee move to strike this and several other affirmative defenses from the Ho-Chunk's answer. Because the statute-of-limitations defense is meritorious, the court will not strike it. *See Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (Motions to strike affirmative defenses "are 'not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" (quoting *Glenside W. Corp. v. Exxon Co.*, 761 F. Supp. 1100, 1115 (D.N.J. 1991)). The remainder of the Stockbridge-Munsee's motion to strike is denied as moot.

*Baxter v. State*, in which the Wisconsin Supreme Court explained, 157 years ago, that "the king, and in this country the state, have been held not to be bound by statute of limitations." 10 Wis. 454, 455 (1860). They also point to *Metropolitan Railroad Co. v. District of Columbia*, in which the Supreme Court held that "the United States and the several states are not, without express words, bound by statutes of limitation." 132 U.S. 1, 11 (1889). But this rule does not extend to "municipalities, county boards, school districts, and the like." *Guaranty Trust Co. v. United States*, 304 U.S. 126, 135 n.3 (1938). The Stockbridge-Munsee do not explain why this court should extend the rule to Indian tribes, and the court declines to do so. They argue that the Western District of Oklahoma did just that in *Ponca Tribe of Indians v. Continental Carbon Co.*, but in that case, the court applied an Oklahoma statute providing that "[n]o lapse of time can legalize a public nuisance amounting to an actual obstruction of public right." No. 05-cv-445, 2008 WL 11338469, at *3 (W.D. Okla. Nov. 21, 2008) (alteration in original) (quoting 50 Okla. Stat. § 7). Oklahoma statutes have no bearing on the Stockbridge-Munsee's claims.

The Ho-Chunk argue that Wisconsin's six-year statute of limitations for breach of contract claims, Wis. Stat. § 893.43, should apply to the Stockbridge-Munsee's claim that the Wittenberg casino is not an ancillary facility as defined in the Ho-Chunk compact and that the Administrative Procedure Act's six-year statute of limitations, 28 U.S.C. § 2401(a), should apply to the Stockbridge-Munsee's claim that the Wittenberg Parcel was not acquired until after 1988, relying on *Big Lagoon Rancheria v. California*, 789 F.3d 947 (9th Cir. 2015) (en banc). The Stockbridge-Munsee do not advocate for any particular statute of limitations. Both proposed statutes contain a six-year limitations period, so the court need not determine which one applies. The Stockbridge-Munsee's claims regarding the gaming activities that the Ho-Chunk can engage in on the Wittenberg Parcel accrued when the state approved engaging in

7

gaming activities there and the Ho-Chunk first began doing so. That occurred in 2008. So under a normal application of the statute of limitations, the Stockbridge-Munsee must have brought their claims against the Ho-Chunk by 2014, and their claims are now time-barred.

The Stockbridge-Munsee contend that the statute of limitations should not be applied in the normal way because they seek injunctive relief for a continuing violation of the Ho-Chunk Compact. They invoke two rules in support of their contention: Wisconsin courts' practice of not applying statutes of limitations to actions seeking injunctive relief and the federal continuing violations doctrine. The Wisconsin rule is plainly inapplicable. The accrual of a federal cause of action is a matter of federal law, even if the applicable statute of limitations is borrowed from state law. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). The Stockbridge-Munsee point to no federal authority calling for the tolling of a statute of limitations period when the plaintiff seeks injunctive relief. And the Seventh Circuit applies statutes of limitations to claims for injunctive relief. *See, e.g.*, *United States v. Midwest Generation, LLC*, 720 F.3d 644, 646 (7th Cir. 2013), *construed in United States v. U.S. Steel Corp.*, 16 F. Supp. 3d 944, 949–51 (N.D. Ind. 2014) ("The Seventh Circuit seems to have reached [its] conclusion by applying a statute of limitations to the EPA's injunction claims."). So there is no bright-line rule mandating that claims for injunctive relief are *always* timely.

Whether the continuing violations doctrine applies to the Stockbridge-Munsee's claims is a closer question. The claims here concern what could be conceived of as a continuing injury. *See Turley v. Rednour*, 729 F.3d 645, 654 (7th Cir. 2013) (Easterbrook, C.J., concurring). A continuing injury is a continuing harm that stems from a discrete wrongful act—here, the Ho-Chunk's decision to open the Wittenberg casino and the state's decision to approve it are the discrete wrongful acts, and the resulting competition with the Stockbridge-Munsee's North

8

Star Casino is the continuing harm. A continuing injury "does not extend the period of limitations." *Id.* (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), and *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2007)).

But one could also conceive of the Stockbridge-Munsee's claims as concerning a genuine continuing violation, that is, is a violation that begins and continues through a series of discrete violations. *See id.* Each day that the Ho-Chunk operate the Wittenberg casino, from 2008 through the present day, is arguably a discrete violation of the Ho-Chunk compact. In such a scenario, the continuing violation doctrine "treats new acts, or ongoing inaction, as new violations" so that the statute of limitations runs from the date of the last act, rather than the first. *Id.*

But the continuing violations doctrine does not apply to every continuing violation. It "is applicable only if 'it would have been unreasonable to expect the plaintiff to sue before the statute ran on the conduct . . . .'" *Tinner v. United Ins. Co. of Am.*, 308 F.3d 697, 707–08 (7th Cir. 2002) (quoting *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999)). The continuing violations doctrine provides such a narrow exception to statutes of limitations because "the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Ledbetter*, 550 U.S. at 630 (quoting *United States v. Kubrick*, 444 U.S. 111, 117 (1979)). Here, it is entirely reasonable to expect the Stockbridge-Munsee to have sued the Ho-Chunk over the operation of the Wittenberg casino well before 2014. They have known of the facts supporting each element of their claims since 2008. They could have sued the Ho-Chunk then. Instead, they acquiesced to the Wittenberg casino for nearly a decade until the Ho-Chunk decided to expand. In other words, the Stockbridge-Munsee had six years to call attention to the Wittenberg casino's alleged violations of the Ho-Chunk Compact, but failed to do so. The

9

Ho-Chunk, believing the Wittenberg casino was operating legitimately, decided to invest in expansion, only to be forced to defend against the Stockbridge-Munsee's claims that the Wittenberg casino has been operating in violation of the Ho-Chunk Compact since the first day it opened. It is precisely this failure "to put the adversary on notice to defend within a specified period of time" that statutes of limitations serve to guard against. *Id.* (quoting *Kubrick*, 444 U.S. at 117).

The Stockbridge-Munsee do not argue that they couldn't have asserted their claims at any point after the state approved the Wittenberg casino; instead, they argue that the text of the IGRA and regulations implementing the IGRA call for application of the continuing violations doctrine. They point to § 2710(d)(7)(A)(ii), which limits a plaintiff's remedy to enjoining non-compliant gaming activity. But the fact that only continuing violations are actionable under the IRGA doesn't mean that continuing violations are *always* actionable under the IGRA.[2] The Stockbridge-Munsee also point to the National Indian Gaming Commission's regulations implementing the IGRA, which treat "each daily illegal act or omission as a separate violation" and therefore allow the NIGC to assess daily fines. 25 C.F.R. § 575.4(a)(2). But the procedures for the NIGC's assessment of civil fines under § 2706 of the IGRA don't speak to the accrual of a tribe's cause of action to enforce a tribal-state compact under § 2710. And the

---

[2] The Seventh Circuit has held that public accommodation claims under the Americans with Disabilities Act for injunctive relief concerning continuing violations—even claims that the plaintiff reasonably could have brought within the limitations period—are not time-barred because the statutory text "makes clear that . . . a continuing . . . violation of the ADA is an injury within the meaning of the Act." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1076 (7th Cir. 2013) (quoting *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002)). The court is hesitant to extend *Scherr*'s reasoning from an anti-discrimination statute (an area of law in which the continuing violations doctrine is often applied) to the IGRA. The Stockbridge-Munsee don't argue that *Scherr* controls here—in fact, they don't cite *Scherr* at all. The court will not extend *Scherr* without a strong argument that it should do so.

two NIGC notices of violations that the Stockbridge-Munsee adduce were sent to the offending tribes less than a year after the first illegal act, so it's not clear that the NIGC would consider it appropriate to assess fines for continuing violations that began years ago.

The Stockbridge-Munsee have not demonstrated that application of the continuing violations doctrine is appropriate in this case. Indeed, it appears that the doctrine would undermine the purpose of statutes of limitation. The Stockbridge-Munsee's claims against the Ho-Chunk are untimely, so the court will grant the Ho-Chunk's motion for judgment on the pleadings and dismiss them from the case.

It appears that the Stockbridge-Munsee's claims against the state may be untimely, too. The state preserved a statute-of-limitations defense in its answer, *see* Dkt. 50, at 28, but has not yet moved to dismiss. In the interest of ensuring a prompt resolution of this case, the court will allow the remaining parties to address the timeliness of the remaining claims. Should the Stockbridge-Munsee fail to show that its claims against the state are timely, the court will dismiss the claims against the state.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to strike, Dkt. 48, is DENIED.

2. Defendant the Ho-Chunk Nation's motion for judgment on the pleadings, Dkt. 56, is GRANTED.

3. Defendant the Ho-Chunk Nation is DISMISSED from this lawsuit.

4. Plaintiff the Stockbridge-Munsee Community's motion for a preliminary injunction, Dkt. 7, is DENIED as moot.

5. Defendant the Ho-Chunk Nation's motion for leave to file a sur-reply, Dkt. 41, is DENIED as moot.

6. Plaintiff's motion for leave to supplement its motion for a preliminary injunction, Dkt. 63, is DENIED as moot.

7. Plaintiff and defendants the State of Wisconsin and Scott Walker may file briefs or otherwise inform the court of their positions on the timeliness of plaintiff's claims by November 8, 2017.

Entered October 25, 2017.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge