IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE STOCKBRIDGE-MUNSEE COMMUNITY,

                         Plaintiff,

     v.                                                    OPINION & ORDER

STATE OF WISCONSIN, SCOTT WALKER, and         17-cv-249-jdp
THE HO-CHUNK NATION,

                         Defendants.

---

This case involves a dispute over competing casinos operated by two Indian tribes in Wisconsin. The court granted defendant the Ho-Chunk Nation's motion for judgment on the pleadings and dismissed it from the case. Dkt. 67. The court concluded that the claims by plaintiff, the Stockbridge-Munsee Community, against the Ho-Chunk accrued in 2008, when the Ho-Chunk opened the Wittenberg casino, which the Stockbridge-Munsee allege violates the Ho-Chunk gaming compact. Therefore, the court concluded, the Stockbridge-Munsee's claims against the Ho-Chunk fell outside the six-year statute of limitations.

The court noted that the Stockbridge-Munsee's claims against defendants the State of Wisconsin and its governor, Scott Walker, might be untimely, too. But rather than dismiss those claims outright, it allowed the remaining parties to address the timeliness of the remaining claims. The parties have done so. Dkt. 71 and Dkt. 72. The claims against the State and Walker are also time-barred, as explained below.

But there's more. The Stockbridge-Munsee, hoping to keep their case alive, also moved for leave to file an amended complaint containing new allegations against the state, Walker, and the Ho-Chunk. Dkt. 75. The motion to amend drew not only opposition, but a motion for

sanctions by the Ho-Chunk. Dkt. 82. The Stockbridge-Munsee's arguments in support of their motion to amend are particularly weak, and the court will deny the Stockbridge-Munsee leave to amend. But the court will deny the Ho-Chunk's motion for sanctions. The Stockbridge-Munsee's arguments are borderline, but the court does not want to punish unsuccessful but good-faith advocacy. So in a close case like this one, the court will decline to impose sanctions, particularly when the burden of defending the questionable pleading is modest, as it is here.

The court will dismiss the state's supplemental-jurisdiction counterclaim without prejudice and direct the clerk of court to close the case.

**A. Proposed amended complaint**

The court begins with the Stockbridge-Munsee's motion for leave to amend their complaint. To review, the Stockbridge-Munsee alleged in their original April 19, 2017 complaint that the Ho-Chunk's Wittenberg casino, which is located on the Wittenberg Parcel, violates the Ho-Chunk compact in two ways: first, the Wittenberg Parcel has always been ineligible for any gaming activity under the compact; and second, the Wittenberg casino operates as a gaming facility (a facility whose primary business purpose is gaming), which is barred by the compact. The Stockbridge-Munsee alleged that these violations pre-dated the planned winter 2018 expansion of the Wittenberg casino and would continue as the Wittenberg casino operates post-expansion. The court determined that these claims accrued in 2008, when the Wittenberg casino opened, and therefore fell outside the applicable six-year limitations period.

Now the Stockbridge-Munsee move for leave to amend their complaint to add three categories of allegations, all of which are aimed at evading the statute of limitations. First, they allege that they could not assert their claims earlier because the state and the Ho-Chunk

2

fraudulently concealed the factual basis for their claims. Second, they allege that the Wittenberg casino is a public nuisance, which they argue tolls the statute of limitations. Finally, they allege in the alternative that the Wittenberg casino originally operated as an ancillary facility (a facility whose primary business purpose is *not* gaming) and will begin to operate as a gaming facility only after the winter 2018 expansion.

Under Federal Rule of Civil Procedure 15(a)(2), the court should freely grant leave to amend when justice so requires. The court need not grant leave "when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). The first two proposed amendments are more properly considered motions for reconsideration of the court's October 25 order; the third is a substantive amendment. All three categories of claims would be futile, so the court will deny the Stockbridge-Munsee leave to amend.

1. **Fraudulent concealment**

First, the Stockbridge-Munsee want to amend their complaint to include allegations of fraudulent concealment. They labeled this section of their amended complaint "Count VIII: The state's and Ho-Chunk's fraudulent concealment of intent to create amendments to the Ho-Chunk compact that deprive Stockbridge of the intended benefits of its own compact." Dkt. 75-1, at 17. Despite this label, they argue that they do not intend to bring substantive fraudulent concealment claims but rather claims for "breach of the Ho-Chunk Compact's inherent covenant of good faith and fair dealing" and "breach of the SMC Compact" in this section. Dkt. 84, at 22. The amended complaint does not contain a short and plain statement of breach-of-contract claims showing that the Stockbridge-Munsee are entitled to relief, as

3

required by Federal Rule of Civil Procedure 8(a), and again, such claims would be barred by the statute of limitations, so the court will not grant leave to amend to assert them.

The Stockbridge-Munsee's briefing indicates that they actually intend to assert the doctrine of fraudulent concealment in an attempt to toll the statute of limitations. *See* Dkt. 76, at 6. They argue that in 2003, the state and the Ho-Chunk represented that despite the amendments to the Ho-Chunk compact's definition of ancillary facility, the gaming activities on the Wittenberg Parcel "would never be more than mini-mart gambling." Dkt. 73, ¶ 3. But, so the argument goes, a May 18, 2017 filing by the Ho-Chunk directly contradicts the 2003 representations and indicates that the ancillary facility definition was intentionally amended to allow the Ho-Chunk to operate the Wittenberg casino—which is more than mini-mart gambling—on the Wittenberg Parcel.

An amendment to the Stockbridge-Munsee's pleading would be unnecessary to assert this doctrine, as "plaintiffs need not anticipate and attempt to plead around all potential defenses," including statute-of-limitations defenses. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). The Stockbridge-Munsee could have asserted the fraudulent-concealment doctrine promptly after the Ho-Chunk raised the statute-of-limitations defense in its answer on May 18. By asserting the doctrine now, they essentially ask the court to reconsider its October 25 ruling. But "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). So even if the Stockbridge-Munsee had properly moved for reconsideration, the court would deny the motion.

And the bottom line is that even if the Stockbridge-Munsee had raised the fraudulent-concealment doctrine in response to the Ho-Chunk's motion for judgment on the pleadings, it wouldn't have succeeded. The doctrine protects plaintiffs "from the expiration of claims the factual basis for which was shrouded by the veil of fraudulent concealment." *In re Cooper Antitrust Litig.*, 436 F.3d 782, 792 (7th Cir. 2006) (quoting *Morton's Market, Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 836 (1999), *amended by* 211 F.3d 1224 (11th Cir. 2000)). But here, the alleged fraudulent concealment did not conceal the factual basis for the Stockbridge-Munsee's claims, namely the state's approval of gaming activities on the Wittenberg Parcel and the Ho-Chunk's engaging in gaming activities there. The Stockbridge-Munsee simply didn't need to know the intent behind the 2003 amendment to the Ho-Chunk compact to bring their claims, as demonstrated by the fact that they brought their claims before the alleged fraudulent concealment was revealed. In sum, it would be futile for the Stockbridge-Munsee to amend their complaint to include the fraudulent-concealment allegations.

2. **Public nuisance**

The Stockbridge-Munsee's public-nuisance allegations are also futile and would also more properly be considered as a motion for reconsideration. The Stockbridge-Munsee propose a claim that the Wittenberg casino is a public nuisance. They argue that "the Wisconsin statute of limitations applicable to claims of public nuisance for illegal gambling is the most analogous statute of limitation to the circumstances here." Dkt. 76, at 9. In Wisconsin, a public nuisance claim carries a six-year statute of limitations—the same limitations period that the court already determined bars the Stockbridge-Munsee's claims—that may be tolled when the nuisance is continuing, but not when the nuisance is permanent. *See Sunnyside Feed Co. v. City of Portage*, 222 Wis. 2d 461, 588 N.W.2d 278, 280–81 (Ct. App. 1998). Again, because the Stockbridge-

5

Munsee could have asserted this argument when the Ho-Chunk first raised the statute-of-limitations defense, the court need not consider it now.

And even if they had timely raised this argument, it still would have failed. Even if the statute of limitations could be tolled under Wisconsin's public-nuisance law, the outcome here wouldn't change.[1] As the court explained in its October 25 order, federal courts look to state law only for the applicable statute of limitations; the analysis of how the limitations period would apply to a federal cause of action is still a matter of federal law. And under federal law, the Stockbridge-Munsee's claims accrued in 2008 and may not be tolled. The Wisconsin tolling rule is irrelevant here, so the continuing-nuisance argument fails. It would be futile for the Stockbridge-Munsee to amend their complaint to include these allegations.

3. **Alternative factual allegations**

Now we reach the heart of the Stockbridge-Munsee's proposed amendments: new factual allegations pleaded in the alternative to the allegations in the April 19 complaint. The Stockbridge-Munsee now allege that the Wittenberg casino did not operate as a gaming facility on April 19, 2017, but that it will begin to do so after the winter 2018 expansion is complete.[2] Dkt. 75-1, ¶¶ 88–90 ("Ho-Chunk's gaming activities . . . on April 19, 2017 do not constitute the Primary Business Purpose of the gaming facility . . . . Ho-Chunk's imminent expansion of

---

[1] The Stockbridge-Munsee don't actually allege or argue that the Wittenberg Casino's gaming activities are a continuing public nuisance, rather than a permanent one. But reading their filings generously, that appears to be what they intend to argue.

[2] In their briefing, the Stockbridge-Munsee argue that "[t]he precise moment at which Ho-Chunk began to violate the 'Ancillary Facility' provisions in the Ho-Chunk Compact is not yet known" and that "[d]iscovery is needed to determine when Ho-Chunk first violated the 'Ancillary Facility' provisions." Dkt. 76, at 8. But this argument contradicts their proposed allegations, which identify a precise moment, or at least a precise event: the winter 2018 expansion. *See* Dkt. 75-1, ¶¶ 89, 90.

6

gaming activities on the Wittenberg Parcel will cause the Wittenberg Parcel to be operated in a manner where gaming will constitute the Primary Business Purpose of the facility . . . ."). Unlike the first two proposals, this one is not a veiled attempt to move for reconsideration, but it really is an amendment to the allegations in the complaint.

The fact that the proposed amendment is contrary to the Stockbridge-Munsee's initial allegations is not necessarily improper. A plaintiff can plead facts in the alternative, and under Rule 8(d)(3), "A party may state as many separate claims or defenses as it has, regardless of consistency." But as the Seventh Circuit has explained, Rule 8(d) must be read with Rule 11, so "a pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question." *Am. Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996). The problem here is that the record indicates that the Stockbridge-Munsee have no legitimate doubt about the facts in question.

The Stockbridge-Munsee alleged in their April 19 complaint that the Wittenberg casino was operating and would continue to operate as a gaming facility. *See* Dkt. 5, ¶¶ 79, 80 ("Ho-Chunk's present gaming activities on the Wittenberg Parcel squarely fit the definition of a Gaming Facility . . . . Ho-Chunk's additional gaming activities on the Wittenberg Parcel at the expanded Wittenberg Casino will continue to define the Primary Business Purpose of the facility . . . ."). They expressed no doubt about these allegations at the time. By presenting this pleading to the court, their counsel certified that to the best of their "knowledge, information, and belief, . . . [t]he factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). But the Stockbridge-Munsee did not just make this allegation on information and belief for the purposes of their complaint. On April 18, 2017, the Stockbridge-Munsee's president,

Shannon Holsey, signed an affidavit stating that the Wittenberg casino was operating as a gaming facility pre-expansion:

> Based on my knowledge of the Wisconsin Gaming industry, the 502 slot machines certainly generate more than 50 percent of the net revenue of the Wittenberg facility as compared to the snack area and small bar.
>
> . . . .
>
> Based on my own observations, presently, the size of Ho-Chunk's Wittenberg facility dedicated to gaming far exceeds the size of the facility dedicated to the non-gaming purpose of a snack area and small bar.
>
> . . . .
>
> Based on my knowledge of the Wisconsin Gaming industry, Ho-Chunk's additional gaming activities on the Wittenberg Parcel at the expanded Wittenberg Casino will continue to define the Primary Business Purpose of the facility because gaming activities are certain to continue to generate more than fifty percent (50%) of the net revenue of the facility.

Dkt. 9, ¶¶ 40, 42, 44. The Stockbridge-Munsee confirmed this position in their briefs. *See, e.g.*, Dkt. 58, at 31 ("In both its current and its expanded state, Ho-Chunk's Wittenberg Casino would qualify as a 'Gaming Facility' . . . .").

Now the Stockbridge-Munsee want to assert allegations directly contrary to Holsey's sworn testimony and the allegations that they previously certified had evidentiary support: that as of April 2017, the Wittenberg casino was *not* operating as a gaming facility. The Stockbridge-Munsee do not offer any valid explanation—such as new evidence—that would account for this about-face. Rule 8(d) does not allow "inconsistent factual allegations . . . made not because of uncertainty concerning the facts, but to avoid the legal effect of facts that were known from the beginning." *Emkey v. Sec'y of Health & Human Servs.*, No. 08-cv-160, 2009 WL 3683390, at *15 (Fed. Cl. Oct. 20, 2009) (citing *Am. Int'l*, 86 F.3d at 1461); *see also Marquez v. Flextronics*

*Am., LLC*, No. 12-cv-61520, 2014 WL 4792997, at *4 (S.D. Fla. Sept. 25, 2014) (citing *Am. Int'l*, 86 F.3d at 1461, and dismissing a third amended complaint that "conveniently and strategically eliminated certain facts" in the second amended complaint). It appears that the Stockbridge-Munsee are attempting just that. Because their proposed alternative factual allegations would violate Rule 8(d), amendment would be futile.

B. **Sanctions**

The Ho-Chunk move for sanctions against the Stockbridge-Munsee's counsel under 28 U.S.C. § 1927 for changing litigation positions, repleading dismissed claims, and pleading claims that lack evidentiary support. Dkt. 82. Under § 1927, a district court has the discretion to sanction an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." Unlike a sanction imposed under Rule 11, a sanction under § 1927 is not limited to cases involving frivolous claims or subjective bad faith. *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708 (7th Cir.), *cert. denied*, 137 S. Ct. 391 (2016). But "[s]imple negligence" by the attorney does not warrant a sanction under § 1927. *Id.* A district court must be mindful that "sanctions are to be imposed sparingly, as they can 'have significant impact beyond the merits of the individual case.'" *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003) (quoting *Pac. Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 118 (7th Cir. 1994)).

The court does not approve the Stockbridge-Munsee counsel's habit of "perpetually altering their line of argument as the moment suits them." *Boyer*, 824 F.3d at 709. The Ho-Chunk argue that this tactic should result in sanctions as it did in *Boyer*. But the Seventh Circuit didn't award sanctions in *Boyer* merely because of that tactic; the court focused instead on the "objectively unreasonable decision" to file a duplicative suit in an improper venue. *Id.* at 710. That decision needlessly and very significantly prolonged and complicated the litigation. Here,

9

counsel's fruitless attempt to sustain a time-barred action is understandably irritating, but it did not so significantly prolong or complicate the litigation. What could have been a very long and complicated lawsuit was cut short by the Ho-Chunk's successful statute-of-limitations defense. And this is a matter of great importance to the Stockbridge-Munsee, so counsel's last-ditch effort to save the case is understandable, even if it was of questionable merit. The court will deny the Ho-Chunk's motion for sanctions.

## C. State claims

The remaining claims concern the Stockbridge-Munsee's and the state's obligations under the Stockbridge-Munsee compact. In its October 25 order, the court invited the Stockbridge-Munsee and the state to address the timeliness of these claims in the interest of ensuring a prompt resolution of the case, noting that the state preserved a statute-of-limitations defense in its answer and that the Stockbridge-Munsee's claims against it appeared to be untimely, too. The parties have now responded. Because the Stockbridge-Munsee's claims against the state also undoubtedly accrued in 2008 and are subject to a six-year limitations period, the court will dismiss them as time-barred.

One preliminary point before delving into the analysis of the claims against the state and governor. The Stockbridge-Munsee's brief reads in part like a motion for reconsideration. The court will not reconsider the conclusions of law it reached in its October 25 order. It gave the Stockbridge-Munsee ample opportunity to brief these issues before issuing its October 25 order. The Stockbridge-Munsee could have raised many of the arguments they make here the first time around, and their failure to do so is not a valid reason for reconsideration. *See Caisse Nationale,* 90 F.3d at 1270. Other portions of the Stockbridge-Munsee's brief are copied from

their motion for leave to amend their complaint; those arguments fail for the reasons explained above.

Turning to the remaining claims, the Stockbridge-Munsee allege that the state is (1) violating the Stockbridge-Munsee compact by refusing to initiate the dispute resolution procedures outlined in the Ho-Chunk compact; (2) violating the Stockbridge-Munsee compact's arbitrary enforcement provision; and (3) violating the Indian Gaming Regulatory Act by taxing the Stockbridge-Munsee's gaming revenues under the Stockbridge-Munsee compact without providing a corresponding benefit to the Stockbridge-Munsee. Dkt. 5. The state counterclaims, seeking a declaration of the Stockbridge-Munsee's obligation to make annual revenue sharing payments to the state under the Stockbridge-Munsee compact—it alleges that the Stockbridge-Munsee intended to stop making those payments in June 2017, shortly after they filed their complaint. Dkt. 50.

The first question is what limitations period applies to the claims. The state argues that Wisconsin's six-year statute of limitations for breach-of-contract claims, Wis. Stat. § 893.43, applies. The court agrees. The claims against the state are most closely analogous to breach-of-contract claims.

The Stockbridge-Munsee don't argue for application of a particular statute of limitations. Instead, they argue that "Wisconsin state law express[ly] recognizes the remedy of recoupment as being available despite the passage of time beyond statutes of limitations as to claims that may have been affirmatively brought on related claims." Dkt. 72, at 26–27. But the Stockbridge-Munsee aren't bringing claims for recoupment—they ask only for declaratory and injunctive relief. Plus, they cite no authority for the proposition that Wisconsin state law allows claims of recoupment outside the limitations period. (Regardless, as the court has explained

several times, federal courts only borrow the statute of limitations period from state law; the remainder of the timeliness analysis relies on federal law.) They cite two federal court opinions in support of their argument, but those cases explain that a *defendant* can raise the *affirmative defense* of recoupment even if the limitations period for an independent claim of recoupment has expired. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 415 (1998) ("[A] defendant's right to plead 'recoupment,' a 'defense arising out of some feature of the transaction upon which the plaintiff's action is grounded,' survives the expiration of the period provided by a statute of limitation that would otherwise bar the recoupment claim as an independent cause of action." (citation omitted) (quoting *Rothensies v. Elec. Storage Battery Co.*, 329 U.S. 296, 299 (1946))); *accord Citgo Petroleum Corp. v. Ranger Enters., Inc.*, 632 F. Supp. 2d 878, 886 (W.D. Wis. 2009). The Stockbridge-Munsee's claims, not defenses, are at issue here, and *Beach* and *Citgo* confirm that the statute of limitations applies to claims for recoupment, so they don't help the Stockbridge-Munsee. The court will apply a six-year limitations period to the Stockbridge-Munsee's claims.

The next question is when the claims accrued. The Stockbridge-Munsee argue that their claims against the state accrued only when they stopped making revenue sharing payments to the state in 2017. But the Stockbridge-Munsee's claims against the state don't depend on the withholding of payments, as demonstrated by the fact that they filed their complaint *before* they withheld any payments. Rather, their claims rest on the state's alleged refusal to prevent the Ho-Chunk from operating the Wittenberg casino in violation of the Ho-Chunk compact. The Ho-Chunk allegedly violated the Ho-Chunk compact the moment they began to operate the Wittenberg casino in 2008. The state allegedly "expressed uncertainty regarding the status of the Wittenberg Parcel, including whether it was eligible for gaming under the IGRA, as early

12

as 2008" but never took "any action to enforce the terms of the Ho-Chunk Compact." Dkt. 5, ¶¶ 62, 63. So 2008 is when the claims against the state accrued. Just like the claims against the Ho-Chunk, the claims against the state fall outside the limitations period and are time-barred. As a result, the court will dismiss them.

This leaves the state's counterclaim against the Stockbridge-Munsee seeking a declaration that the Stockbridge-Munsee must make the revenue sharing payments required by the Stockbridge-Munsee compact. The state invokes only supplemental jurisdiction for this claim. *See* Dkt. 50, at 32. Where, as here, the original-jurisdiction claims are dismissed, the general rule in this circuit is to dismiss without prejudice the supplemental-jurisdiction claims. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). The court sees no reason to depart from the circuit's general rule, so it will dismiss the state's counterclaim without prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiff the Stockbridge-Munsee Community's motion for leave to amend its complaint, Dkt. 75, is DENIED.

2. Defendant the Ho-Chunk Nation's motion for sanctions, Dkt. 82, is DENIED.

3. Plaintiffs' claims are DISMISSED with prejudice.

4. Defendants the State of Wisconsin and Scott Walker's counterclaim is DISMISSED without prejudice.

5. The clerk of court is directed to enter judgment and close this case.

Entered February 2, 2018.

                                  BY THE COURT:

                                  /s/

                                  _____

                                  JAMES D. PETERSON
                                  District Judge